Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2820 | **DATE** | June 11, 2012 |
| **CASE TITLE** | Ned James (#2011-0609209) vs. David Kelner, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $9.17 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is directed to issue summonses for service on the Defendants by the U.S. Marshal. Plaintiff's motion for appointment of counsel [#3] is granted. Donald D. Schwartz, Arnold and Kadjan, 203 North LaSalle Street, Suite 1650, Chicago, Illinois 60601, (312) 236-0415 is appointed to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The case is set for a status hearing on August 13, 2012, at 9:30 a.m. Counsel is directed to appear.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, who are health care providers at the jail, have acted with deliberate indifference to his serious mental health needs. Plaintiff alleges that he has been denied psychiatric care and treatment even though he is experiencing "strange visions" and feeling suicidal.

    The Court grants plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number for this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance if plaintiff is transferred from the jail to another correctional facility.

    The Court has reviewed the complaint as required by 28 U.S.C. § 1915A and concludes that it states a colorable claim. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). "[T]he need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

    The Clerk shall issue summonses to the defendants, and the U.S. Marshals Service is appointed to serve the defendants. The Marshal will send plaintiff any forms necessary for plaintiff to complete for purposes of

| STATEMENT |
|---|
| accomplishing service, and plaintiff must complete and return them to the Marshal. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Before attempting personal service, the Marshal is authorized to mail the defendants requests for waiver of service as prescribed by Fed. R. Civ. P. 4(d)(2).<br><br>     Finally, in light of plaintiff's mental health issues, the Court grants his motion to appoint counsel. Donald D. Schwartz, Arnold and Kadjan, 203 North LaSalle Street, Suite 1650, Chicago, Illinois 60601, (312) 236-0415, is appointed to represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). |